FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 24 2014

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

KIMBERLY DYER,               :
                             :
        Plaintiff,           :           Civil Action File No.:
                             :           **1:14-CV-3426**
    v.                       :
                             :           <u>Jury Trial Demanded</u>
KNOWLEDGE UNIVERSE and       :
KNOWLEDGE UNIVERSE EDUCATION :
LLC d/b/a KINDERCARE LEARNING :
CENTERS,                     :
                             :
        Defendants.          :



## COMPLAINT

Plaintiff KIMBERLY DYER ("Plaintiff") hereby files this Complaint

against Defendants KNOWLEDGE UNIVERSE and KNOWLEDGE

UNIVERSE EDUCATION LLC d/b/a KINDERCARE LEARNING

CENTERS ("Defendants").

### Nature Of Action

1.

Plaintiff brings this action to redress Defendants violations of the Fair

Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and

violations of Georgia law.

2.

This action seeks damages for Defendants retaliatory actions and for unpaid compensation, liquidated damages, expenses of litigation, attorneys' fees, and other relief under the FLSA and state law.

Jurisdiction And Venue

3.

Pursuant to 28 U.S.C. §§ 1331 (federal question) and 1337 (commerce), this Court has subject-matter jurisdiction over Plaintiff's FLSA claims asserted herein. Pursuant to 28 U.S.C. §§ 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims because said claims are "so related" to Plaintiff's federal claims that they form part of the same case or controversy at issue. In addition, Defendants are subject to service in this judicial district; therefore, the Court has personal jurisdiction.

4.

Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events and omissions giving rise to this Complaint occurred within this judicial district.

Parties

5.

Plaintiff is a female citizen of the State of Georgia and was employed by Defendants from approximately June 2012 through April 2014.  Plaintiff worked at Defendants' learning center in Dunwoody, Georgia (hereinafter "KinderCare 214").

6.

Defendants are organized under the laws of the State of Delaware and authorized to do business in the State of Georgia and throughout the United States.  Defendants operate educational learning centers in the State of Georgia and throughout the United States

7.

Defendants have agreed to waive all requirements for personal service.  Defendants have agreed to be served via their outside counsel: Ogletree, Deakins, Nash, Smoak & Stewart, P.C., One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800, Atlanta, Georgia 3030.

## Factual Allegations

### 8.

At all times relevant to this action, Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

### 9.

At all times relevant to this action, Defendants were an enterprise engaged in commerce within the meaning of the FLSA, with annual gross revenues exceeded $500.000.

### 10.

At all times relevant to this action, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e).

### 11.

In 2012, Defendants hired Plaintiff as an assistant director for KinderCare 214.

### 12.

Upon being hired, Plaintiff reported directly to Sara Fields, who was the Center Director for KinderCare 214.  In 2013, Ashley Riemenschneider became the Center Director for KinderCare 214 and Plaintiff's direct supervisor.

13.

In exchange for performing the duties of the assistant director position at KinderCare 214, Defendants promised to pay Plaintiff an hourly rate of pay for all hours worked, including overtime hours (*i.e.*, over 40 per week), on a bi-weekly basis.

14.

Throughout her employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA and subject to the overtime provisions of the FLSA.

15.

Throughout her employment, Defendants required Plaintiff to track and record the exact number of hours that she worked each day on "Timesheets," provided by Defendants, and Defendants' computerized ADP system.

16.

Specifically, Defendants required that Plaintiff record the time that she arrived at work and the time that she left work each day.

5

17.

Plaintiff recorded the time that she arrived at work and the time that she left work each day using Defendants Timesheets and the ADP system (hereinafter "Plaintiff's time entries").

18.

Defendants used Plaintiff's time entries to compute Plaintiff's wages. Similarly, Defendants used the Timesheets and ADP system to compute the wages for other non-exempt employees.

19.

Throughout her employment with Defendants, Plaintiff regularly worked in excess of 40 hours each week.

20.

Ms. Fields and, thereafter, Ms. Riemenschneider regularly manipulated and reduced Plaintiff's time entries.

21.

Even though Plaintiff regularly worked in excess of 40 hours each week, Ms. Fields and Ms. Riemenschneider regularly reduced Plaintiff's time entries to reflect that Plaintiff worked 40 hours or less in a given week.

22.

As Center Director, Ms. Fields and Ms. Riemenschneider had access to Defendants' Timesheets and Defendants' ADP system.

23.

As Center Director, Ms. Fields and Ms. Riemenschneider had authorization and/or the ability to edit, revise, and/or otherwise manipulate Plaintiff's time entries.

24.

During the relevant time period, Defendants paid Center Directors bonuses that were associated with the labor costs at their respective learning centers.

25.

During the relevant time period, Defendants paid Ms. Fields and Ms. Riemenschneider bonuses for keeping labor costs at KinderCare 214 at an acceptable level.

26.

Defendants failed to credit and to pay Plaintiff for all of the hours that she worked each week, including her overtime hours (*i.e.*, over 40).

27.

From 2012 through 2014, management was aware that Plaintiff worked hours, during a given week, for which she was not compensated.

28.

Plaintiff was deprived of compensation that she earned and to which she was entitled through Defendants' custom and/or practice of manipulating Plaintiff's time entries, which resulted in Plaintiff not receiving credit for all of the hours that she worked.

29.

On multiple occasions throughout her employment, Plaintiff complained to management officials that her supervisors had manipulated and reduced her time entries and that Defendants failed to compensate her for all of her time.

30.

In 2014, Plaintiff complained to Landy Gonzalez, the Center Director for KinderCare 214, about her unpaid wages and the circumstance surrounding this issue.

32.

Plaintiff asked Ms. Gonzales to investigate her unpaid wages claim.

33.

In retaliation for making these complaints, Defendants' agents harassed Plaintiff, gave her a low performance evaluation, and terminated her employment.

34.

Upon information and belief, following Plaintiff's termination, Defendants conducted an internal investigation into some of the issues presented herein.

35.

As part of that investigation, Defendants' representatives questioned employees at KinderCare 214 about: (a) Plaintiff; (b) Plaintiff's claim of unpaid wages; (b) whether those employees had wage-related concerns or disputes of their own; and (d) complaints made by other employees about Ms. Gonzales.

36.

Thereafter, in August 2014, Defendants disseminated arbitration agreements to its employees at KinderCare 214. Employees who signed the agreement waived their right to participate in a FLSA collective action.

37.

Defendants instructed employees that signing the arbitration agreement was a condition of continued employment.

38.

Plaintiff has retained The Thacker Law Firm, LLC to represent her in this action.  As a result, she has incurred and will continue to incur attorneys' fees and costs associated with this action.

## COUNT I - Unpaid Wages
## (Violations of 29 U.S.C. § 207(a))

39.

The allegations set forth in all previous paragraphs above are incorporated by reference herein as if fully set out in this paragraph.

40.

By their actions alleged herein, Defendants willfully, knowingly, and/or recklessly violated the FLSA and its corresponding federal regulations.

41.

Defendants willfully, knowingly, and/or recklessly engaged in a practice of violating the provisions of the FLSA by failing to pay Plaintiff for all of the hours that she worked, including overtime hours (*i.e.*, over 40).

42.

The overtime provisions outlined in the FLSA apply to Defendants and are designed to protect employees like Plaintiff.

43.

As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive all wages that she earned, including premium overtime compensation at a rate of time -and-one-half, in accordance with section 207 of the FLSA.

44.

As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amounts, liquidated damages, prejudgment and post judgment interests, attorney fees, costs and other relief.

**COUNT II – Retaliation**
**(Violations of 29 U.S.C. § 215(a))**

45.

The allegations set forth in all previous paragraphs above are incorporated by references herein as if fully set out in this paragraph.

46.

Defendants retaliated against Plaintiff for complaining about Defendants' unlawful customs and practices and for complaining about Defendants failure to pay her all wages earned, in compliance with federal and state law.

47.

As a direct and proximate result of Defendants unlawful retaliation, Plaintiff has suffered and continues to suffer loss of income, loss of employee benefits, emotional distress, injury to her reputation, and emotional pain and suffering in an amount to be proved at trial.

48.

As a direct and proximate result of Defendants unlawful retaliation, Plaintiff has been forced to incur fees and expenses of litigation for which Defendants are liable.

### COUNT III – Breach of Contract or, in the Alternative, Unjust Enrichment (Violations of Georgia Law)

49.

The allegations set forth in all previous paragraphs above are incorporated by references herein as if fully set out in this paragraph.

50.

Defendants breached their contract[1] with Plaintiff to compensate her

for all of the hours that she worked.

51.

As a direct and proximate result of Defendants breach, Defendants

have been unjustly enriched, and Plaintiff has suffered, and continues to

suffer, loss of income, benefits, and other injuries to be proved at trial.

## Prayer For Relief

**WHEREFORE** Plaintiff prays that this Court award Plaintiff:

i. back-pay, including unpaid overtime compensation;

ii. liquidated damages pursuant to 29 U.S.C. § 216(b);

iii. front pay;

iv. compensatory damages, including those for her mental anguish, emotional injuries, humiliation, pain and suffering, and other injuries suffered as a result of the unlawful actions taken against her;

v. prejudgment and post-judgment interests;

vi. cost of suit, including expenses and attorneys' fees incurred herein, pursuant to 29 U.S.C. § 216(b);

vii. a declaratory judgment that the practices complained of herein are unlawful under the FLSA; and

---

[1] *See E.D. Lacey Mills, Inc. v. Keith*, 183 Ga. App. 357, 359 (1987).

viii.    all other damages available at law or in equity and all other
         relief the Court deems just and proper.


Respectfully submitted on this 24th day October 2014.


                              **The Thacker Law Firm, LLC,**

                              Mark Y. Thacker
                              Georgia Bar No. 141875

                              1100 Peachtree Street, NE
                              Suite 200
                              Atlanta, Georgia 30309
                              (404) 480-2604 (T)
                              (404) 795-0731 (F)
                              mark@thackerllc.com

                              **COUNSEL FOR PLAINTIFF**